# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 11, 2024

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* | \* | UNPUBLISHED |
| WEIWEI DONG *and* XIANGLI KONG | \* | |
| *on behalf of V.K., a minor child,* | \* | |
| | \* | |
| Petitioners, | \* | No. 22-486V |
| | \* | Special Master Oler |
| v. | \* | |
| | \* | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* | \* | |

*Diana L. Stadelnikas*, Maglio Christopher & Toale, PA, Sarasota, FL, for Petitioners.
*Sarah B. Rifkin*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 29, 2022, Weiwei Dong and Xiangli Kong ("Petitioners") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioners allege their son, V.K., suffered from immune thrombocytopenia purpura ("ITP") as a result of the diphtheria, tetanus, and acellular pertussis ("DTaP") vaccination he received on August 4, 2020. *See* Stipulation ¶ 2, 4, dated August 18, 2023 (ECF No. 28); *see also* Petition. On August 18, 2023, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation the same day. (ECF No. 29).

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa

On September 15, 2023, Petitioners filed an application for final attorneys' fees and costs. (ECF No. 33). ("Fees App."). Petitioners request total attorneys' fees and costs in the amount of $40,589.16, representing $39,721.00 in attorneys' fees and $868.16 in attorneys' costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioners have indicated that they have not personally incurred any costs related to their petition. Fees App. Ex. 4. Respondent responded to the motion on September 26, 2023, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2. (ECF No. 34). On September 28, 2023, Petitioners filed their reply reiterating their belief the requested attorneys' fees and costs are reasonable. (ECF No. 35).

This matter is now ripe for consideration.

## I.   Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioners were awarded compensation pursuant to a stipulation, they are entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.   Reasonable Hourly Rates

Petitioners request the following rates of compensation for their attorney, Ms. Diana Stadelnikas; $470.00 per hour for work performed in 2021, $490.00 per hour for work performed in 2022, and $525.00 per hour for work performed in 2023. These rates are consistent with what counsel has previously been awarded for her Vaccine Program work and the undersigned finds them to be reasonable herein.

### b.   Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has Respondent identified any entries as objectionable. Accordingly, Petitioners are awarded final attorneys' fees in the amount of $39,721.00.

### c.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request a total of $868.16 in attorneys' costs. Fees App. Ex. 3. This amount is comprised of acquiring medical records, postage and the Court's filing fee. Petitioners have provided adequate documentation supporting all of their requested costs and Respondent also has not identified any particular costs as objectionable. Petitioners are therefore awarded the full amount of costs sought.

## II.  Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioners request for fees and costs is reasonable. The undersigned finds that it is reasonable to compensate Petitioners and their counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $39,721.00 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$39,721.00** |
| | |
| Attorneys' Costs Requested | $868.16 |
| (Reduction to Costs) | **-** |
| **Total Attorneys' Costs Awarded** | **$868.16** |
| | |
| **Total Amount Awarded** | **$40,589.16** |

**Accordingly, the undersigned awards a lump sum in the amount of $40,589.16, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioners and Petitioners' counsel of record, mctlaw. Petitioners request the check be forwarded to mctlaw, 1605 Main Street, Suite 710, Sarasota, Florida, 34236.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).